UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>MAURICE RICHARDSON,<br><br>*Defendant.* | Crim. Action No.: 3:12-cr-00576 (PGS)<br><br>**MEMORANDUM** |

THIS MATTER comes before the Court on Defendant Maurice Richardson's second motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 54.) Additionally, the government has filed a turnover motion seeking remittance of $2,744.07 in Richardson's BOP Inmate Trust Account to the Clerk for the District of New Jersey, pursuant to 18 U.S.C. § 3613(a). (ECF No. 57.) Mr. Richardson, a prisoner serving a term of 207 months, argues that his immediate release is warranted by his risk of reinfection from COVID-19 due to his diagnoses of type II diabetes mellitus, hypertension, hyperlipidemia, and hepatic steatosis, and the presence of COVID-19 at FCI Fort Dix, where Mr. Richardson lives. The Court heard oral argument over telephone on March 29, 2021, and again on July 26, 2021. For the reasons stated below, Defendant's motion is denied, and the government's turnover motion is granted in part and denied in part.

I.

Rather than reciting all of the facts, the Court incorporates all of the facts from its prior Memorandum and Order herein. (ECF No. 52.) The one significant additional fact that has occurred is Richardson's contracting COVID-19 in December of 2020. According to BOP medical records, Richardson was asymptomatic; (Gov't Opp'n Ex. A 14-18, ECF No. 55-1.); but

1

has an increase in shortness of breath since becoming COVID-19 positive. A chest x-ray came back negative for pneumonia. (*Id.* at 3-6.)

Richardson is fifty-three years old and has been diagnosed with type II diabetes mellitus, hypertension, hyperlipidemia, and hepatic steatosis. The CDC classifies type II diabetes as a condition that puts people at an increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). Additionally, Richardson's high blood pressure and liver disease would further exacerbate symptoms of COVID-19. *See id.*

Presently, BOP reports that there are zero positive staff and zero positive inmates at FCI Fort Dix; 95 recovered staff and 1715 recovered inmates, and 2 inmate deaths. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated July 20, 2021).

On June 8, 2020, the warden at FCI Fort Dix denied Richardson's request for compassionate release. Richardson has not made a second application with the warden, but filed the present motion based on the first denial. (Gov't Br. 3.)

Additionally, Richardson currently has a balance of $2,744.07 in his Inmate Trust Account and claims that he has been participating in the Inmate Financial Responsibility Program and makes quarterly restitution payments. (Gov't Mot., ECF No. 57 at 2.); (Def. Opp'n, ECF No. 61 at 1.) The government seeks to turn over the total amount of funds in Richardson's Inmate Trust Account. (Gov't Mot., ECF No. 57 at 1.) Richardson has saved a substantial portion of his funds to assist him with costs upon his release from prison, such as rent. (Def. Opp'n, ECF No. 61 at 1.)

2

## II.

A motion for compassionate release is considered under The First Step Act (18 U.S.C. § 3582(c)), which governs sentence modifications. As the Third Circuit noted, the "First Step Act empowers criminal defendants to request compassionate release for extraordinary and compelling reasons" so long as the statutory criteria is met. *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Richardson argues that he contracted COVID-19 in December, 2020, and this increases his risk of reinfection while in the prison environment.

Richardson has not exhausted his administrative remedies pursuant to 18 U.S.C § 3582(c)(1)(A). Under 18 U.S.C § 3582(c)(1)(A),

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable. . .

If 30 days have not passed after presenting their compassionate release request to the BOP, the statute prevents the defendant from raising a compassionate release motion. *Raia*, 954 F.3d at 597. Before requesting a successive motion on new grounds, the defendant must exhaust administrative remedies again. *U.S. v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021).

Here, Richardson admits that the did not apply for compassionate release following the denial of his first motion. As such, Richardson's new claim (increased risk of infection) must be denied because Richardson has not exhausted his administrative remedies.

## III.

The government's turnover motion requesting the total balance of Richardson's Inmate Trust Account for $2,744.07 is granted in part. That is, the amount of $300 shall be deducted from his Trust Account to pay restitutions. Under § 3664(f)(2), the district court has the sole authority to "specify the manner and schedule of restitution." *Harris v. Schultz*, 2006 WL 2864635, *5 (D. N.J. Oct. 3, 2006). Additionally, "Section 3664(k) does not authorize modification of the amount of restitution, but it does permit the Court to modify any payment schedule for payment of restitution that was imposed by the Court." *U.S. v. Fischer*, No. CR 3:17-374, 2021 WL 120842, at *2 (M.D. Pa. Jan. 13, 2021). In *Fischer*, the inmate had made his required IFRP (Inmate Financial Responsibility Program) payments, and the government requested that an additional $500 be deducted from his Inmate Trust Account after it was discovered he had a balance of $1,276.61. *Id.* The court ruled because the inmate had made his scheduled payments, regardless of his change in financial status, the additional $500 deduction was not warranted. As such, the court authorized a lesser amount. *Id.* at 3.

Here, Richardson "participates in the Inmate Financial Responsibility Program. (Def. Opp'n, ECF No. 61 at 1.) Like the inmate in *Fischer*, Richardson is making his quarterly payments as required, and the change in his financial status does not warrant such a large deduction as the government requests. In fact, Richardson's savings are to pay for ongoing living expenses upon his release, which is a worthwhile goal. This Court finds that $300 is an appropriate amount to be deducted from Defendant's account. Therefore, the government's motion is granted in part in the amount of $300.

This Court will issue two orders.

_____
PETER G. SHERIDAN, U.S.D.J.