UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>MAURICE RICHARDSON,<br><br>*Defendant*. | Crim. Action No.: 3:12-cr-00576 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on multiple *pro se* motions (ECF No. 67, 69, 70 and 72) filed by Defendant Maurice Richardson. Evidently, he filed the same motion three times due to a miscommunication with the Clerk's Office (ECF No. 72). As such, the ECF Nos. 70 and 72 motions are dismissed as duplicative. For the reasons set forth below, Mr. Richardson's motion for reconsideration (ECF No. 67) and his motion for compassionate release and appointment of counsel (ECF No. 69) are both denied.

**I.**

Because the facts are set forth at length in the Court's prior memoranda (ECF No. 52, 64), the Court incorporates such by reference here and reiterates only the pertinent points.

Mr. Richardson is a prisoner currently incarcerated at Federal Correctional Institution Fort Dix ("FCI Fort Dix"). He committed multiple armed bank robberies

throughout New Jersey between December 2007 and December 2010; and was arrested after a high-speed police chase in which a firearm was discharged. (Second Opp. at 2, ECF No. 71; Presentence Investigation Report ("PSR") at ¶¶2-14).   On October 18, 2012, Mr. Richardson plead guilty to 2 of 13 counts in a 13 count indictment:  (1) bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and (2) discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (C)(i). (PSR at ¶¶1-15). Mr. Richardson was sentenced to 207 months of imprisonment and three years of supervised release. (ECF Nos. 25, 26, 28, 29).

Between May and August of 2020, Mr. Richardson filed several motions requesting compassionate release, arguing that any COVID infection at FCI Fort Dix would be exacerbated by his advanced age, diabetes, hypertension, hepatic steatosis, and hyperlipidemia. (ECF Nos. 34, 35, 38). The Court denied same on December 23, 2020 after full review of the record and consideration of the § 3553(a) factors. (ECF No. 52) ("Order 1").

On March 21, 2021, Mr. Richardson through counsel filed a second motion for compassionate release, largely arguing the same points the Court previously rejected in Order 1, but adding that he had since contracted COVID-19 in December of 2020. (ECF No. 54). The medical records indicated that Mr. Richardson's infection was relatively asymptomatic except for shortness of breath. The Court denied same

because Mr. Richardson failed to show that he had exhausted his administrative remedies. (ECF Nos. 64, 66) ("Order 2").

Mr. Richardson has since filed a motion asking the Court to reconsider Order 2 (ECF No. 67), as well as a new motion for compassionate release and appointment of counsel. (ECF No. 69).

## II.

A motion for compassionate release is considered under the First Step Act (18 U.S.C. § 3582(c)), which governs sentence modifications. As the Third Circuit noted, a district court "may reduce [a federal inmate's] term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *United States v. Banks*, 2022 U.S. App. LEXIS 7442, at *2 (3d Cir. Mar. 21, 2022) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). If the moving prisoner demonstrates such reasons, the District Court must consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* (internal citations omitted). "Before an inmate may move for compassionate release, however, he must at least ask the Bureau of Prisons (BOP) to do so on [his] behalf and give BOP thirty days to respond." *Id.* (citing *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020))[1]. See generally,

---

[1] Courts within the Third Circuit have recognized this point and declined to grant compassionate release where prisoners raised successive petitions on new grounds without proof of further exhaustion. See *United States v. Urzua*, 2021 U.S. Dist. LEXIS 43136, at *4-5 (D.N.J. Mar. 8, 2021); *United States v. Gross*, 2021 U.S. Dist. LEXIS 135613, at *3-4 (M.D. Pa. July 21, 2021); *United States v. Rowe*, 2021 U.S. Dist. LEXIS 172843, at *4-5 (M.D. Pa. Sep. 13, 2021).

*United States v. Cain*, 2021 U.S. Dist. LEXIS 20672, at *11 (D. Me. Feb. 3, 2021) (collecting cases).

### III.

Although Mr. Richardson's motion for reconsideration (ECF No. 67) and new request for compassionate release (ECF No. 69) ("Third Request") both seek the same result, the Court reviews each one separately given the different standards.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is "an extraordinary remedy" that is to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). The moving party must therefore show that "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Reich v. Schering-Plough Corp.*, 2008 U.S. Dist. LEXIS 130043, at *1 (D.N.J. July 7, 2008) (collecting cases). Here, Mr. Richardson has failed to demonstrate such.

Rather than argue any of the above three grounds for reconsideration, Mr. Richardson expresses incredulity at the alleged unresponsiveness of FCI Fort Dix's staff, and attaches assorted correspondence between himself and BOP personnel, dated between April and December 2020. (Motion for Reconsideration at 4-14, ECF No. 67). The correspondences relates to Mr. Richardson's exhaustion of

administrative remedies concerning Order 1 (ECF No. 52), but not Order 2 (ECF No. 66). As such, Mr. Richardson fails to show that the Court's rationale in Order 2 was in error. Accordingly, his motion for reconsideration (ECF No. 67) is denied.

Turning next to his Third Request for compassionate release, Mr. Richardson once more fails to show that he exhausted his administrative remedies again after his first request in 2020 was denied. He represents in his motion that he "exhausted his administrative remedies through the BOP, on or about January 31, 2022" via written letter and electronic request and to "[k]indly refer to Exhibit – A" (ECF No. 69 at 10), but there were no such exhibits attached to any of Mr. Richardson's compassionate release filings. (ECF Nos. 69, 70, 72). As a result, the only proof of exhaustion is the correspondence filed with the motion for reconsideration that pertained to his first request in 2020.

Even assuming *arguendo* that he has exhausted his administrative remedies again, the Court would still deny the motion. By only asserting that COVID-19 has generally persisted in FCI Fort Dix and necessitated restrictive precautions (ECF No. 69 at 11-12, 16-17), there is nothing in the record that changes the Court's original consideration of the § 3553(a) factors from Mr. Richardson's first request in 2020. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The only new submission is a sympathetic and thoughtful letter from Mr. Richardson's daughter in support of her father's petition, but this is sadly insufficient to overcome the stark reality of Mr. Richardson's past criminal conduct. Accordingly, the Court incorporates its reasoning

5

from its denial of the first request (ECF No. 52) and denies the ECF No. 69 motion as to compassionate release.

Finally, Mr. Richardson's four line request for appointment of counsel is addressed. (ECF No. 69 at 2).

There is no constitutional or statutory right to counsel for proceedings under 18 U.S.C. § 3582(c) for compassionate release. *See United States v. Millhouse*, 2021 U.S. App. LEXIS 22742, at *7 n.4 (3d Cir. Aug. 2, 2021) (citing *United States v. Manso-Zamora*, 991 F.3d 694, 696 n.2 (6th Cir. 2021)). "Where parties lack statutory or constitutional rights to representation, the Court nonetheless has discretion to appoint counsel for an indigent litigant after considering several factors." *United States v. Burney*, 2021 U.S. Dist. LEXIS 206133, at *4-5 (D.N.J. Oct. 25, 2021) (citing *United States v. Ulmer*, 2021 U.S. Dist. LEXIS 41411, at *2-3 (E.D. Pa. Mar. 5, 2021)) (internal quotation omitted).

The Court must first determine whether a party's claims have "some arguable merit in fact and law." *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). If so, the Court considers the following factors:

> 1. the [party's] ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;

      6. whether the case will require testimony from expert witnesses.

*See id.* (citing *Tabron*, 6 F.3d at 155-57); *see also United States v. Nichols*, 849 F. App'x 334, 336 n.3 (3d Cir. 2021) (citing *Tabron* when affirming lower court's denial of appointment of counsel to further a request for compassionate release).

      Here, the Court finds that appointment of counsel to be unnecessary. Although Mr. Richardson's ability to retain counsel on his own is unclear, the Court finds that all of the remaining factors weigh against granting the request: (1) from his filings, it is clear that Mr. Richardson is capable of articulating his points carefully and clearly; (2) the pending issue largely entails recitation of medical issues and records of attempted administrative remedies; (3) no investigation beyond submission of medical files is generally required; (4) no credibility determinations are needed; and (5) no expert testimony is needed. Accordingly, ECF No. 69 motion as it relates to appointment of counsel is denied.

## ORDER

      THIS MATTER having come before the Court on Defendant Maurice Richardson's Motion for Reconsideration (ECF No. 67) and Motions for Emergency Motions for Compassionate Release and Appointment of Counsel (ECF Nos. 69, 70, 72); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons:

**IT IS** on this 9th day of August, 2022,

**ORDERED** that Mr. Richardson's Motion for Reconsideration (ECF No. 67) and Emergency Motions for Compassionate Release and Appointment of Counsel (ECF Nos. 69, 70, 72) are DENIED.

                                              s/*Peter G. Sheridan*
                                              PETER G. SHERIDAN, U.S.D.J.